Wilde J.
afterward drew up the opinion of the Court. The plaintiff’s counsel now move for a new trial, contending that forty years’ quiet and uninterrupted and exclusive enjoyment of an easement is sufficient in this Commonwealth to establish *302 a good title by prescription. It was agreed at the trial that this question should be reserved for the consideration of the Court, if the jury should find, as they did, that the evidence to prove sixty years’ possession was insufficient.
In Coolidge v. Learned, 8 Pick. 504., it was decided, that the time of legal memory or prescription in this Commonwealth does not extend further back than sixty years. This period was fixed on as limiting the time of legal memory, in analogy to the St. 1786, c. 13, limiting the time for bringing actions by writ of right. By the same principle of analogy the time of legal memory was limited by the courts of"England to the reign of Richard L, that being the limitation to a writ of right by Stat. Westm. 1.
It was the opinion of Rolle, (2 Roll. A hr. 269,) that when the limitation of a writ of right was reduced by the St. 32 Hen. 8, c. 2, to sixty years, a similar reduction should have been made in the limitation of the time of legal memory. This opinion was not adopted by the English courts, but in Coolidge v. Learned it is noticed with approbation, and the reasoning is said to be solid and satisfactory. Upon similar reasoning, as applicable to our statute of limitations of 1786, that case was decided ; and the same reasoning seems to apply with equal force to the St. 1807, c. 75, by which the limitation of the writ of right was reduced to the term of forty years. A writ of right is the highest writ in the law, and if this is barred by the adverse possession of any lands or other real estate, for forty years, no reason can be given why the use and enjoyment of an easement for a like term of time should not make a good title by prescription. It is said in Viner, that “ it was reason that the inquiry in a prescription should be limited as well as in a writ of right, being more base than that ; for it would be hard to put juries to inquire of things so ancient.” 17 Vin. Abr. 272, Prescription, M. On this principle the time of legal memory in England was limited to the commencement of the reign of Richard I. The same reason exists for limiting it here to the period of forty years. Upon a like analogy to another clause in the statute of limitations, it has been established that the adverse, uninterrupted use and enjoyment, of an easement for the period of twenty years, is sufficient to authorize *303 the presumption of a grant; “ For,” says Starkie, “ as an adverse possession of that duration will give a possessory title to the land itself, it seems to be also reasonable that it should afford a presumption of right to a minor interest arising out of the land.” 3 Stark. Ev. 1215.
For these reasons, and upon these authorities and decisions, we are of opinion, that the exclusive, uninterrupted use and enjoyment of an easement, or incorporeal right, affecting the lands of another, for the period of forty years, is sufficient to establish in this Commonwealth a good right and title by prescription. In thus deciding, we adopt and follow the principles of the English law of prescription, rejecting only that part of the doctrine which is inapplicable to this country, and which even in England renders the law of prescription, at the present day, of very little practical utility and importance.[1]

J'fno trial granted.

 See cases cited in 2 Hilliard’s Abr. 178 et seq.; Reed v. Northfield, 13 Pick. 97; Revised Stat. c. 119.